UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JASON MICHAEL ANDERSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06-CV-803 (CEJ) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Jason Michael Anderson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response, and the issues are fully briefed.

**I. Background**

On January 10, 2005, Anderson pled guilty to charges of conspiracy to distribute and possess marijuana and cocaine (Count I), possession with intent to distribute marijuana (Count II) and to a forfeiture count (Count III). With respect to Count I, the statutory penalties included a term of imprisonment of not less than five years and not more than life. For Count II, the penalties included a maximum term of imprisonment of five years. Anderson and the government entered into a plea agreement in which the parties recommended that certain provisions of the United States Sentencing Guidelines be applied. In the plea agreement and in his statements under oath, Anderson admitted to being accountable for at least 700 kilograms but less than 1000 kilograms of marijuana and to possessing several firearms in connection with the conspiracy. In the plea agreement, the parties agreed that Anderson's sentence would be determined according to the Sentencing Guidelines. They also agreed to waive their rights to appeal "any issues relating to the applicability

and validity of the Sentencing Guidelines." See "Plea Agreement, Guidelines Recommendations and Stipulations," filed January 10, 2005. This provision was included due to the uncertainty about the constitutionality of the federal Sentencing Guidelines in light of the Supreme Court's decision several months earlier in Blakely v. Washington, 524 U.S. 296 (2004). During the change of plea hearing, the Court informed Anderson that the Supreme Court was considering two cases asserting challenges to the constitutionality of the Sentencing Guidelines. The Court further informed Anderson that the Sentencing Guidelines would not be applied to him if they were ruled unconstitutional or, alternatively, that the Guidelines might be applied in a way that differed from his and the government's recommendations. Anderson stated that he understood.

Three months before Anderson was sentenced, the Supreme Court ruled that the Sentencing Guidelines were unconstitutional if applied mandatorily, but that sentencing courts were to consider the Guidelines, in an advisory manner, along with the factors set forth in 18 U.S.C. § 3553. See United States v. Booker, 543 U.S. 220 (2005). At the sentencing hearing, the Court determined that, under the Sentencing Guidelines, Anderson's total offense level was 29 and his criminal history category was IV, resulting in a range of imprisonment of 121-151 months for Count I and 60 months for Count II. The Court also considered the seriousness of the offense, Anderson's history and characteristics, and other relevant factors under 18 U.S.C. § 3553(a). After doing so, the Court sentenced Anderson to concurrent terms of imprisonment of 121 months and 60 months.

Anderson appealed the judgment. However, the Eighth Circuit Court of Appeals dismissed Anderson's appeal on the ground that Anderson had waived his right to

contest any sentence that was within the guideline range. See <u>United States of America v. Jason Michael Anderson</u>, No. 05-2174 (8th Cir. May 18, 2005).

In the present motion, Anderson asserts two grounds for relief: (1) that he was denied effective assistance of counsel and (2) that the Court erred in applying the Sentencing Guidelines.

## II. <u>Ineffective Assistance of Counsel</u>

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. <u>Id</u>. at 689. In order to show prejudice in the context of a guilty plea, the movant must demonstrate that if it were not for counsel's errors, he would have not pled guilty, and instead would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). The failure to show prejudice is dispositive, A court need not address the reasonableness of the attorney's performance in the absence of prejudice. <u>United States v. Apfel</u>, 97 F.3d 1074, 1076 (8th Cir. 1996).

### A. <u>Counsel's Failure to Preserve Right to Appeal</u>

Anderson first claims that he was denied effective assistance of counsel because his attorney failed to consider the pending ruling in <u>Booker</u> when negotiating a plea agreement with the government. Anderson asserts that his attorney, by failing to anticipate the ruling in <u>Booker</u>, failed to preserve his right to appeal and denied him the ability to challenge his sentence based on the new law announced in that case.

Anderson's claim is without merit because it fails to satisfy the prejudice prong of <u>Strickland</u>. Anderson does not allege in his motion that he would not have pled

guilty but for his counsel's errors. Anderson has never asserted his innocence, and there is no evidence to suggest that he would have done so had his counsel negotiated the plea agreement in light of Booker. In fact, at the plea hearing, Anderson persisted in his guilty plea after the Court informed him that the Sentencing Guidelines could be ruled unconstitutional by the Supreme Court. Furthermore, Anderson has not shown that the outcome of his case was prejudiced by his attorney's failure. In guilty plea cases, prejudice often depends on the likelihood of success if the alleged errors did not occur. See Hill, 474 U.S. at 59. Anderson has not offered any evidence to suggest that he would have received a more favorable plea agreement (*e.g.*, one that did not include a limited waiver of appeal provision) had counsel predicted the Supreme Court's ruling.

### B. Coercion by Counsel

Anderson next alleges that his attorney coerced him into pleading guilty to the drug offenses and firearm possession. According to Anderson, his attorney threatened him by stating that he was facing a minium sentence of 262-327 months if he did not plead guilty.

During the change of plea hearing, Anderson stated under oath that he was entering his guilty plea voluntarily. In response to questioning by the Court, Anderson stated under oath that no threats had been made to force him to plead guilty and that no one had promised him or predicted that he would receive a particular sentence. Anderson made the same representations in the written plea agreement. Declarations in open court, such as these, carry a strong presumption of verity and impose a formidable obstacle to collateral relief. Blackledge v. Allison, 431 U.S. 63, 74 (1977).

In his motion, Anderson attempts to bolster his claim by relying on a letter from counsel dated October 13, 2004. In the letter, counsel wrote:

> Friday is the deadline to accept Level 29. Otherwise it is a Level 39. I do not know what your Criminal History is going to come out to, but I have enclosed a graph for you with Level 29 and 39 highlighted. For example, at Level 29, Criminal History I, you are at 87-108 with a ten year mandatory minimum. At Level 39, Criminal History I, it is at 267-327 months.

It is clear from the letter that counsel was not predicting or threatening a particular sentence that would be imposed. Rather, the letter merely sets forth the possible ranges of imprisonment that Anderson faced, depending on whether or not he accepted the plea agreement. There is no merit to Anderson's claim of coercion.

### C. Failure to Investigate

Anderson claims that counsel did not investigate the facts of the case, that he met with Anderson only briefly to discuss the case, and that he did not make preparations to take the case to trial. Anderson has not provided any information to the court specifying what the investigation would have revealed or what preparation was left undone. Anderson offers only unsupported allegations that do not establish prejudice. See United States v. Vazquez-Garcia, 211 Fed. Appx. 544, 546 (8th Cir. 2007) (a defendant's motion is invalid if it is not supported by any information other than speculation).

Furthermore, adequacy of representation cannot be determined solely upon the basis of time counsel spent interviewing the defendant. State of Missouri v Turley, 443 F.2d 1313, 1316 (8th Cir. 1971). There must be evidence that counsel's failure bore on the defendant's understanding or voluntariness. Id. Anderson does not offer any proof that counsel's alleged error caused him to misunderstand or involuntarily enter into the plea agreement.

### III. Court Erred in Applying the Sentencing Guidelines

Anderson next claims that the Court erred when it applied a two-level increase to his offense level calculation for use of a firearm in connection with the drug conspiracy. See U.S.S.G. § 2D1.1(b)(1). Anderson asserts that, under the Sixth Amendment and Booker, whether he possessed a firearm was an issue to be decided by a jury, not by the Court.

In the plea agreement, Anderson waived his right to challenge his conviction and sentence unless the challenge was based on a claim of prosecutorial misconduct or ineffective assistance of counsel. Anderson's claim of sentencing error does not fall within either of these two categories, and is therefore waived.

Notwithstanding the waiver, Anderson's claim fails on the merits. As discussed above, Anderson stated in the plea agreement that he possessed several firearms in connection with the conspiracy and he agreed that a two-level increase in his offense level was appropriate under U.S.S.G. § 2D1.1(b)(1). Additionally, at the change of plea hearing, Anderson stated under that he allowed the firearms to be hidden at his home in order to assist one of his co-conspirators. See Transcript, Change of Plea Hearing, January 10, 2005, p.21. The Sixth Amendment is not violated when the court enhances a sentence based on facts admitted by the defendant. United States v. Parsons, 408 F.3d 519, 521 (8th Cir. 2005) (holding that a defendant's Sixth Amendment were not violated when the court enhanced his sentence based on facts admitted in his plea agreement). Unlike the circumstances involved in Booker, the Court did not enhance Anderson's sentence based on facts found in a evidentiary hearing or facts found outside the jury's verdict. Rather, the Court sentenced Anderson based on facts that were admitted in the plea agreement and during the plea hearing. Anderson is not entitled to relief on this claim.

**IV. Conclusion**

For the foregoing reasons, the Court concludes that Anderson has not shown that he was denied effective assistance of counsel or that the Court erred in applying the Sentencing Guidelines. Therefore, he is not entitled to relief under 28 U.S.C. § 2255. The Court finds that Anderson has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Jason Michael Anderson to vacate, set aside, or correct sentence [Doc. #1] is **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of August, 2009.